**Kujtim BRAKA, Lulezime Braka, Eneida Braka, Enen Braka, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–0808–AG.

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Charles Christophe, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Sally M. Richardson, Laura Thomas Rivero, Assistant United States Attorneys, Miami, FL, for Respondent.

Present: CHESTER J. STRAUB, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Kujtim Braka petitions for review of the BIA January 25, 2005 order affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in which his wife, Lulezime Braka, and their two children, Eneida Braka and Enen Braka, were named as derivative beneficiaries. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

█ Substantial evidence supported the IJ's adverse credibility determination. In particular, the IJ found that Braka's evidence was inconsistent with respect to how often he was beaten while in detention in June 2001 and where he went after he was released from detention in June 2001. The IJ also noted that Braka failed to testify about several significant events that he included in his asylum application, and that Braka testified about several material events that he did not mention in his asylum application or other documents. Although some of the other inconsistencies noted by the IJ are not supported by the record, this Court cannot conclude that

there is any "realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion" because the inconsistencies properly relied upon by the IJ were material and central to Braka's claims. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

█ Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precluded success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Further, under 8 U.S.C. § 1252(d)(1), a court can review a final order of removal only if the alien has exhausted all administrative remedies available. This Court does not have jurisdiction over Braka's CAT claim because it was not exhausted before the BIA and no grounds exist in the record to excuse the failure to exhaust. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.